Stuart G. Gross (D.D.C. Bar No.# CA00210)
Ross A. Middlemiss (Pro Hac Vice to be filed)
**GROSS KLEIN PC**
305 Broadway, Suite 777
New York, NY 10007
(212) 658-1219

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| **IAN ATKINSON-YOUNG**,<br><br>　　　　　　　　　　　**Plaintiff**,<br><br>v.<br><br>**THE UNITED STATES DEPARTMENT OF THE INTERIOR and THE UNITED STATES DEPARTMENT OF DEFENSE,**<br><br>　　　　　　　　　　　**Defendants.** | Case No. 24-3128<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C. § 552)** |

## INTRODUCTION

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), Plaintiff Ian Atkinson-Young ("Plaintiff") challenges the Department of the Interior ("DOI") and the Department of Defense ("DOD," collectively with the DOI, "Defendants") for their violations of FOIA. These violations result from a failure to respond to Plaintiff's FOIA requests seeking specific records related to a project approved by the Bureau of Indian Affairs ("BIA") and for which the BIA and United States Army Corps of Engineers ("USACE") have continuing responsibilities.

2. As of the filing of this complaint, DOI and DOD have not responded as required to the requests, nor have they produced any records responsive to Plaintiff's FOIA requests.

3. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, Plaintiff seeks from the Court declaratory relief establishing that DOI and DOD have violated FOIA, and also injunctive relief directing DOI and DOD to conduct an adequate search and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

7. Plaintiff **IAN ATKINSON-YOUNG** is an individual citizen of the United States of America residing in Beaverton, Oregon.

8. Defendant **DEPARTMENT OF THE INTERIOR** ("DOI") is a cabinet-level agency within the executive branch of the U.S. Government, with headquarters at 18 C Street NW, Washington, D.C. 20240. The DOI is in possession and control of the records the Plaintiff seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The DOI is a federal agency responsible for applying and

implementing the federal laws and regulations at issue in this complaint. The BIA is an executive bureau within the DOI that is in possession and control of records the Plaintiff seeks. As such, BIA is subject to FOIA pursuant to 5 U.S.C. § 552(f). The BIA is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

9. Defendant **DEPARTMENT OF DEFENSE** ("DOD") is a cabinet-level agency within the executive branch of the U.S. Government, with headquarters at 1400 Defense Pentagon Washington, DC 20301-1400. The DOD is in possession and control of the records the Plaintiff seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The DOD is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint. The USACE is an executive bureau within the DOD that is in possession and control of records the Plaintiff seeks. As such, USACE is subject to FOIA pursuant to 5 U.S.C. § 552(f). The USACE is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

10. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

11. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

12. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

disputes between the requester ad the agency." *Id*. § 552(a)(6)(B)(ii).

13. If an agency fails to provide a timely determination, the requester is considered to have exhausted his administrative remedies and may proceed to district court to seek an order compelling the agency's compliance with FOIA. *Id*. § 552(a)(6)(C)(i).

14. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id*. § 552(a)(3)(D)-(C). Using the date of the FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable by the courts.

15. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

16. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

17. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

18. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### I.   Background to Plaintiff's FOIA Requests

19. Plaintiff's FOIA requests seek records concerning the Redding Rancheria Fee-to-Trust and Casino Project (the "Project"), a development project that will construct a casino complex on an area of undeveloped land just outside the city limits of Redding, California. An Environmental Impact Statement ("EIS") was prepared for the Project by the BIA.

20. On July 1, 2024, the DOI issued a Record of Decision ("ROD") acquiring 221 acres of land in Shasta County, California into federal trust for the purposes of gaming pursuant to the Redding Rancheria's fee-to-trust application and the EIS prepared by BIA.

21. The ROD includes, among other requirements, mitigation measures and additional analyses that must be performed by the Redding Rancheria and BIA and other federal agencies, before and during Project construction, and throughout operation of the Project.

## II. Plaintiff's FOIA Requests

### A. July 25, 2024 Request to DOI

22. On July 25, 2024, Plaintiff issued a FOIA request to DOI, seeking the following records:

1) All records, including correspondence between Department of the Interior staff and members, representatives, employees and agents of the Redding Rancheria, concerning the schedule of post-ROD Project planning and construction;

2) All records, including correspondence between Department of the Interior staff and members, representatives, employees and agents of the Redding Rancheria, concerning all post-ROD permitting requirements and associated deadlines related to Project construction.

23. On July 25, 2024, Plaintiff received an email from the DOI FOIA Office confirming receipt of the request, and assigning the request control number DOI-BIA-2024-000976. A true and correct copy of the confirmation email, which includes the text of the FOIA request, is attached hereto as Exhibit A.

24. Because Plaintiff's request was received by DOI on July 25, 2024, DOI's 20-workday deadline to provide a determination was August 22, 2024.

25. Following receipt of the confirmation email, Plaintiff checked his account on DOI's online FOIA portal and observed the status of his request had been set at "assigned for processing."

26. Plaintiff has received no communication from DOI since receiving the confirmation email.

27. DOI has not requested additional information from Plaintiff or notified him of any "unusual circumstances" that prevent DOI from complying with FOIA's deadline for a determination.

28. As of the date of this complaint, which is 50 working days after the expiry of DOI's 20-workday deadline, Plaintiff has received no determination concerning his request, nor has he received any responsive records.

B.   **September 18, 2024 Request to DOI**

29.   On September 18, 2024, Plaintiff issued a FOIA request to DOI, seeking the following records:

1) All documents, including communications, from January 1, 2024 through June 30, 2024, concerning the mitigation and/or monitoring activities described in Sections 3(A), 3(D), 3(E), 3(F), and 3(G), concerning Cultural and Paleontological Resources, at pages 6-7 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for the Department's convenience;

2) All documents, including communications, from July 1, 2024 to the present, concerning the mitigation and/or monitoring activities described in Sections 3(A), 3(D), 3(E), 3(F), and 3(G), concerning Cultural and Paleontological Resources, at pages 6-7 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for the Department's convenience;

3) All documents, including communications, created after the date of this request up to and including December 31, 2024, concerning the mitigation and/or monitoring activities described in Sections 3(A), 3(D), 3(E), 3(F), and 3(G), concerning Cultural and Paleontological Resources, at pages 6-7 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for the Department's convenience.

30.   On September 18, 2024, Plaintiff received an email from the DOI FOIA Office confirming receipt of the request, and assigning the request control number DOI- BIA-2024-001182. A true and correct copy of the confirmation email, which includes the text of the FOIA request, is attached hereto as Exhibit B.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

5

31. Because Plaintiff's request was received by DOI on September 18, 2024, DOI's 20-workday deadline to provide a determination was October 17, 2024.

32. Following receipt of the confirmation email, Plaintiff checked his account on DOI's online FOIA portal and observed the status of his request had been set at "assigned for processing."

33. Plaintiff has received no communication from DOI since receiving the confirmation email.

34. DOI has not requested additional information from Plaintiff or notified him of any "unusual circumstances" that prevent DOI from complying with FOIA's deadline for a determination.

35. As of the date of this complaint, which is 12 working days after the expiry of DOI's 20-workday deadline, Plaintiff has received no determination concerning his request, nor has he received any responsive records.

C. **September 18, 2024 Request to USACE**

36. On September 18, 2024, Plaintiff issued a FOIA request to USACE, seeking the following records:

1) All documents, including communications, from January 1, 2024 through June 30, 2024, concerning the mitigation and/or monitoring activities described in Section 2(P) through Section 2(R), concerning Wetlands and Waters of the U.S., at pages 5-6 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for your convenience;

2) All documents, including communications, from July 1, 2024 to the present, concerning the mitigation and/or monitoring activities described in Section 2(P) through Section 2(R), concerning Wetlands and Waters of the U.S., at pages 5-6 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for your convenience;

3) All documents, including communications, created after the date of this request up to and including December 31, 2024, concerning the mitigation and/or monitoring Waters of the U.S., at pages 5-6 of the "Mitigation Monitoring and Enforcement Plan," Attachment 1 to the July 2024 Record of Decision regarding Trust Acquisition of the 221-Acre Strawberry Fields Site in Shasta County, California, for the Redding Rancheria, a copy of which is uploaded herewith for your convenience.

37. On September 19, 2024, Plaintiff received an email from the Office of Counsel of the USACE confirming receipt of the request, and general response stating that USACE is "making every effort to expedite the research, processing and release of the materials responsive to your request, however, due to the volume of requests being handled by this office you may experience some delay[,]" and that he "may expect a further response to be sent out from this office within the next 20 working days." A true and correct copy of the confirmation email and request is attached hereto as Exhibit C.

38. Because Plaintiff's request was received by DOD on September 19, 2024, DOD's 20-workday deadline to provide a determination was October 18, 2024.

39. Plaintiff has received no communication from DOD since receiving the confirmation email.

40. DOD has not requested additional information from Plaintiff or notified him of any "unusual circumstances," other than a boilerplate response concerning general office capacity constraints, that prevent DOD from complying with FOIA's deadline for a determination.

41. As of the date of this complaint, which is 11 working days after the expiry of DOD's 20-workday deadline, Plaintiff has received no determination concerning his request, nor has he received any responsive records.

D. **September 24, 2024 Request to the DOI**

42. On September 24, 2024, Plaintiff issued a FOIA request to DOI, seeking the following records:

1) The Draft Access Alternative Concepts memorandum concerning the Redding Rancheria Fee-To-Trust and Casino Project, prepared by Kimley-Horn, dated on or about January 5, 2017;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

7

2) The Access Alternative Concepts memorandum concerning the Redding Rancheria Fee-To-Trust and Casino Project, prepared by Kimley-Horn, dated on or about July 7, 2017.

43. On September 24, 2024, Plaintiff received an email from the DOI FOIA Office confirming receipt of the request, and assigning the request control number DOI-BIA-2024-001197. A true and correct copy of the confirmation email, which includes the text of the FOIA request, is attached hereto as Exhibit D.

44. Because Plaintiff's request was received by DOI on September 24, 2024, DOI's 20-workday deadline to provide a determination was October 23, 2024.

45. Following receipt of the confirmation email, Plaintiff checked his account on DOI's online FOIA portal and observed the status of his request had been set at "assigned for processing."

46. Plaintiff has received no communication from DOI since receiving the confirmation email.

47. DOI has not requested additional information from Plaintiff or notified him of any "unusual circumstances" that prevent DOI from complying with FOIA's deadline for a determination.

48. As of the date of this complaint, which is 8 working days after the expiry of DOI's 20-workday deadline, Plaintiff has received no determination concerning his request, nor has he received any responsive records.

49. DOI's failure to provide a legally adequate determination, or produce responsive records, in response to Plaintiff's requests undermines FOIA's primary purpose of transparency and openness in government, and harms Plaintiff's interests.

50. Plaintiff has been required to expend resources to prosecute this action.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide a Determination on Plaintiff's FOIA Requests

### (Against DOI)

51. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

52. DOI violated FOIA by failing to make a timely determination on Plaintiff's FOIA

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

8

requests. 5 U.S.C. § 552(a)(6)(A)(i).

53. Plaintiff has a statutory right to receive determinations from DOI, as well as to promptly receive the underlying records he seeks.

54. DOI has still not given Plaintiff determinations on his FOIA requests that describes the scope of the records they intend to produce or withhold and the reasons for withholding any records or inform Plaintiff that he may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). *See also* 5 U.S.C. § 552(a)(7).

55. Plaintiff's interests will continue to be adversely affected if DOI continues to violate FOIA's requirement to provide lawful determinations on his FOIA requests.

56. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOI will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Conduct Adequate Searches
### (Against DOI)

57. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

58. Plaintiff has a statutory right to have DOI process his FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

59. DOI violated Plaintiff's rights in this regard when they unlawfully failed to undertake searches that are reasonably calculated to locate all records that are responsive to Plaintiff's requests.

60. Plaintiff's interests will continue to be adversely affected if DOI continues to violate FOIA's requirement to provide lawful determinations on his FOIA requests.

61. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOI will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

### (Against DOI)

62. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

63. DOI violated FOIA by failing to promptly disclose records that are responsive to Plaintiff's FOIA requests.

64. None of FOIA's statutory exemptions apply to the records that Plaintiff seeks.

65. Plaintiff has a statutory right to the records he seeks.

66. Plaintiff's interests will continue to be adversely affected if DOI continues to violate FOIA's requirement to provide lawful determinations on his FOIA requests.

67. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOI will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

### (Against DOI)

68. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69. Plaintiff has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

70. DOI violated Plaintiff's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to Plaintiff's FOIA requests.

71. Plaintiff's interests will continue to be adversely affected if DOI continues to violate FOIA's requirement to provide lawful determinations on his FOIA requests.

72. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

10

DOI will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide a Determination on Plaintiff's FOIA Requests

### (Against DOD)

73. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

74. DOD violated FOIA by failing to make a timely determination on Plaintiff's FOIA request. 5 U.S.C. § 552(a)(6)(A)(i).

75. Plaintiff has a statutory right to receive a determination from DOD, as well as to promptly receive the underlying records he seeks.

76. DOD has still not given Plaintiff a determination on his FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or inform Plaintiff that he may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). *See also* 5 U.S.C. § 552(a)(7).

77. Plaintiff's interests will continue to be adversely affected if DOD continues to violate FOIA's requirement to provide lawful determinations on his FOIA request.

78. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOD will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct Adequate Searches

### (Against DOD)

79. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

80. Plaintiff has a statutory right to have DOD process his FOIA request in a manner that

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

complies with FOIA. 5 U.S.C. § 552(a)(3).

81. DOD violated Plaintiff's rights in this regard when it unlawfully failed to undertake searches that are reasonably calculated to locate all records that are responsive to Plaintiff's requests.

82. Plaintiff's interests will continue to be adversely affected if DOD continues to violate FOIA's requirement to provide a lawful determination on his FOIA requests.

83. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOD will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

### (Against DOD)

84. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

85. DOD violated FOIA by failing to promptly disclose records that are responsive to Plaintiff's FOIA request.

86. None of FOIA's statutory exemptions apply to the records that Plaintiff seeks.

87. Plaintiff has a statutory right to the records he seeks.

88. Plaintiff's interests will continue to be adversely affected if DOD continues to violate FOIA's requirement to provide a lawful determination on his FOIA request.

89. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOD will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

### (Against DOD)

90. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

paragraphs.

91. Plaintiff has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

92. DOD violated Plaintiff's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to Plaintiff's FOIA requests.

93. Plaintiff's interests will continue to be adversely affected if DOD continues to violate FOIA's requirement to provide a lawful determination on his FOIA request.

94. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, DOD will continue to violate his rights to receive public records under FOIA.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests that the Court grant the following relief:

1. Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

2. Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

3. Declare that Defendants' failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

4. Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6), 552(a)(7);

5. Award Plaintiff his costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or other applicable authority;

6. Grant such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Dated: November 4, 2024                    By:      */s/ Stuart G. Gross*
                                                    Stuart G. Gross (D.D.C. Bar No.# CA00210)
                                                    Ross A. Middlemiss (Pro Hac Vice to be filed)
                                                    **GROSS KLEIN PC**
                                                    305 Broadway, Suite 777
                                                    New York, NY 10007
                                                    (212) 658-1219
                                                    sgross@grosskleinlaw.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF